IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No: 21-cv-000193-CMA-KMT

CHRISTIAN DIAZ,

Plaintiff,

v.

MARCUS ALLEN, in his official and individual capacity,
TYLER BRESSON, in his official and individual capacity,
NICHOLAS HAMAKER, in his official and individual capacity,
ERIC ANDERSON, in his official and individual capacity,
CITY OF COLORADO SPRINGS, and
JOHN DOES 1-50,

Defendants.

---

**DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTION
TO THE MAGISTRATE JUDGE'S RECOMMENDATION**

---

Defendants respond to Plaintiff's Objection to the Magistrate Judge's Recommendation on Defendants' Motion to Dismiss the Amended Complaint (Doc. 40).

**INTRODUCTION**

Much of Plaintiff's objection to the Magistrate Judge's Recommendation is a regurgitation of Plaintiff's Amended Complaint (Doc. 21) and Response to Defendants' Motion to Dismiss the Amended Complaint (Doc. 33). Plaintiff takes issue with the Magistrate Judge's finding that Plaintiff fails to allege any contact between himself and an Individual Defendant, but Plaintiff's objection does nothing to rectify that failure. He also challenges the Magistrate Judge's finding that the notice on the front door did not "clearly

and unambiguously" revoke the police officer's implied license to knock and talk with the occupants (Doc. 38 at 13), but the Magistrate Judge correctly interpreted the notice. Plaintiff's objection should be overruled in large part, and the Magistrate Judge's Recommendation should be affirmed in large part.[1] This case should be dismissed with prejudice.

## ARGUMENT

### I.  Free Exercise Claim

The Magistrate Judge recommends dismissal with prejudice of Plaintiff's Free Exercise Claim because Plaintiff fails to allege that any of the Individual Defendants directly contacted Plaintiff, let alone told him to stop worshipping or smoking cannabis. (Doc. 38 at 7-8)

In the objection, Plaintiff argues that "Defendant Allen did make direct contact with me." (Doc. 40 at 5) According to Plaintiff, Defendant Allen allegedly yelled, "Open the door!" through a tinted glass door. (Doc. 40 at 5-6; Doc. 21, Am. Compl. ¶¶ 9-10) Plaintiff was seated behind the door with the door man and could see Defendant Allen, but Defendant Allen could not see Plaintiff. (*Id.* ("The table where I sat was only a few feet from the front door. Even though Defendant Allen could not see me because of the tint on the door. I could hear and see him.")) The door man responded verbally to Defendant Allen, but Plaintiff did not. (*Id.*) Plaintiff "*felt* he would be arrested" if he failed to open the

---

[1] Defendants agree that the Eleventh Amendment does not bar Plaintiff's claims. *See infra* Part X at page 7.

door, but he nonetheless did not open it. (*Id.*; *see also* Doc. 40 at 7 ("I also did not follow his orders to open the door."))

"'[Plaintiff] must assert conscious or intentional interference with his free exercise rights to state a valid claim under § 1983.'" *Gallagher v. Shelton*, 587 F.3d 1063, 1070 (10th Cir. 2009) (citation omitted). According to Plaintiff's allegations, none of the Individual Defendants even knew Plaintiff was present at the premises. Defendant Allen never saw Plaintiff nor heard Plaintiff. Plaintiff's allegations thus fall far short of plausibly alleging that any Individual Defendant intentionally coerced or compelled Plaintiff to cease worshipping or smoking cannabis. *See Fields v. City of Tulsa*, 753 F.3d 1000, 1009 (10th Cir. 2014).

## II.    Fourth Amendment Search Claim

The Magistrate Judge recommends dismissal of Plaintiff's unreasonable search claim because Plaintiff fails to allege that any Individual Defendant intruded on an area in which Plaintiff had a legitimate expectation of privacy. (Doc. 38 at 11-13) Defendant Allen entered the property's parking lot and front porch; Defendants Bresson and Hamaker entered the parking lot. (*Id.*) In the Objection, Plaintiff argues, "I was inside my Church." (Doc. 40 at 10) But Plaintiff does not allege that any Individual Defendant entered the church.

With respect to Defendant Allen's entry onto the front porch, the Magistrate Judge found that the notice posted on the front door " 'does not clearly and unambiguously tell [visitors] that they cannot knock on the front door seeking a consensual conversation with [the occupants].' " (Doc. 38 at 13, quoting *United States v. Carloss*, 818 F.3d 988, 997

3

(10th Cir. 2016)) Thus, "Defendant Allen's attempted knock-and-talk was reasonable." (*Id.*) In the Objection, Plaintiff argues, as he did in the Amended Complaint, that the notice "revoked" the implied license to knock and talk with the occupants, because it "forbade the officer Defendant Allen from being on the property." (Doc. 40 at 11) But the notice was not posted at the entrance to a fenced property. (*See* Doc 38 at 11 (finding that parking lot and front porch were open and visible to the public)) It was posted on the front door itself (*see* Doc. 21 ¶ 24 ("My right to privacy at my church was posted on the front door.")), suggesting that entry beyond that point, *inside* the building itself, required consent or a warrant. Plaintiff further argues that "[t]he notice terminates the conversation before it even starts." (Doc. 40 at 12) But the notice says nothing about knocking and talking with the occupants. Defendant Allen merely walked through an open and visible parking lot, onto an open and visible front porch, and attempted to knock and talk with the occupants. Defendant Allen did not conduct an illegal search.

### III.   Fourth Amendment Seizure Claim

The Magistrate Judge recommends dismissal of Plaintiff's unreasonable seizure claim because "Plaintiff fails to allege that Defendant Allen ever exerted physical control over his person," or that he did so intentionally. (Doc. 38 at 14) Plaintiff objects to the dismissal of his unreasonable seizure claim, arguing that he "was detain[ed] inside [his] Church." (Doc. 40 at 12) As discussed above, Plaintiff does not allege that Defendant Allen knew that Plaintiff was present; thus, Defendant Allen could not have *intentionally* seized Plaintiff.

### IV. Retaliation for Free Exercise Claim

The Magistrate Judge recommends dismissal of Plaintiff's retaliation claim because "Plaintiff fails to allege the defendants acted with retaliatory intent." (Doc. 38 at 8) In the Objection, Plaintiff reiterates his allegation that the City knew about the property owner's complaints and chose to retaliate. (*See* Doc. 40 at 14-15) But as the Magistrate Judge found, Plaintiff's allegations fail to show that the Individual Defendants intended to retaliate against Plaintiff, whom they never knew was at the property. (Doc. 38 at 8-9)

### V. Equal Protection Claim

The Magistrate Judge recommends dismissal of Plaintiff's equal protection claim because Plaintiff fails to allege differential treatment by or discriminatory intent of the Individual Defendants. (Doc. 38 at 9) In the Objection, Plaintiff simply restates his allegations from the Amended Complaint, without more. (Doc. 40 at 15; Doc. 21 ¶ 56) The allegations fail to state a claim, as found by the Magistrate Judge.

### VI. Right of Association Claim

The Magistrate Judge recommends dismissal of Plaintiff's right of association claim, finding that "Plaintiff fails to allege that the defendants prevented him from associating for expressive purposes. Defendants had no contact with Plaintiff, and they [did] not force Plaintiff to disassociate with anyone." (Doc. 38 at 10) Plaintiff objects to the Magistrate Judge's Recommendation, but he does not allege how the Magistrate Judge erred. (*See* Doc. 40 at 15) Instead, he reiterates his allegations that the City knew of the property owner's complaints, that his prayer was stopped twice, and that Defendant Allen

"had [n]o legitimate law enforcement reason to even be at [his] church." (*Id.*) Plaintiff's Objection fails to show how the Individual Defendants violated his right of association.

## VII. Defendants Bresson, Hamaker, and Anderson

The Magistrate Judge recommends dismissal of Plaintiff's claims against Defendants Bresson, Hamaker and Anderson. (Doc. 38 at 13-15) Plaintiff objects to the dismissal of his claims against Defendants Bresson and Hamaker, but he submits no argument in support of his objection. (Doc. 40 at 16) Plaintiff does not object to the dismissal of his claims against Defendant Anderson.

## VIII. Qualified Immunity

The Magistrate Judge recommends that the Individual Defendants should be granted qualified immunity on Plaintiff's claims "[b]ecause the court has recommended dismissal of all of the claims against the defendants for failure to state claims upon which relief can be granted." (Doc. 38 at 15-16) Plaintiff objects to the Magistrate Judge's recommendation, arguing that his "objection shows plenty of clearly established law, that supports facts in [his] Amended Complaint, that show [his] clearly established rights were violated." (Doc. 40 at 16)

Plaintiff fails to cite any authority finding that police officers' brief presence in an open and visible parking lot or building front porch violates a building visitor's rights. He fails to cite any authority that would have put Defendant Allen on notice that to knock and attempt to talk to the building's occupants, given the notice posted on the front door, would violate the constitutional rights of an unseen visitor inside the building. Plaintiff argues that he was in church, "engaged in [his] indigenous spirituality," which "has always been

6

a target of the U.S. Government." (Doc. 40 at 16) But Plaintiff fails to cite any clearly established law demonstrating that the Individual Defendants should have known that their conduct would violate the Plaintiff's constitutional rights.

## IX. Municipal Liability Claims

The Magistrate Judge did not explicitly address Plaintiff's municipal liability claims, but she did recommend that Defendants' Motion to Dismiss the Amended Complaint be granted, which necessarily includes dismissal of Plaintiff's claims against the City. (Doc. 38 at 16; Doc. 28 at 11-15) In the Objection, Plaintiff does not object to the dismissal of his claims against the City.

## X. Eleventh Amendment Immunity

Defendants agree that Eleventh Amendment immunity does not bar Plaintiff's claims against Defendants, who are a municipal government and its employees. *See Steadfast Ins. Co. v. Agric. Ins. Co.*, 507 F.3d 1250, 1253 (10th Cir. 2007) ("Eleventh Amendment immunity extends to states and state entities but not to counties, municipalities, or other local government entities.")

## **CONCLUSION**

This Court should overrule Plaintiff's Objection to the Magistrate Judge's Recommendation (Doc. 40) and affirm and adopt the Magistrate Judge's Recommendation (Doc. 38).

7

Respectfully submitted this 18th day of June, 2021.

        OFFICE OF THE CITY ATTORNEY OF
        COLORADO SPRINGS, COLORADO
        Wynetta P. Massey, City Attorney

        */s/ Anne H. Turner*
        Anne H. Turner, Assistant City Attorney
        30 S. Nevada Ave., Suite 501
        Colorado Springs, Colorado 80903
        Telephone: (719) 385-5909
        anne.turner@coloradosprings.gov

        Attorneys for Defendants

## **CERTIFICATE OF SERVICE (CM/ECF)**

      I hereby certify that on the 17th day of February, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following email addresses:

Overclock420@hotmail.com
christianmd7532@gmail.com

I further certify that a true and correct copy of the same was mailed to the following party via U.S. Mail, postage pre-paid, addressed as follows:

Christian Diaz
1850 North Academy Blvd.
Colorado Springs, CO 80909

        */s/Terry JoHansen*
        Terry JoHansen
        Litigation Paralegal