IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 21-cv-00193-CMA-SKC

CHRISTIAN DIAZ,

    Plaintiff,

v.

MARCUS ALLEN, in his individual and official capacity,
TYLER BRESSON, in his individual and official capacity,
NICHOLAS HAMAKER, in his individual and official capacity,
ERIC ANDERSON, in his individual and official capacity,
CITY OF COLORADO SPRINGS, and
JOHN DOES 1-50

    Defendants.

---

**ORDER AFFIRMING IN PART AND REJECTING IN PART RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

This matter is before the Court on the January 27, 2022, Recommendation of United States Magistrate Judge (Doc. # 38), wherein Magistrate Judge Kathleen M. Tafoya recommends that this Court grant Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. # 28) and dismiss Plaintiff's claims with prejudice. Plaintiff timely filed an Objection to the Recommendation. (Doc. # 40.) For the following reasons, the Court affirms in part and rejects in part the Recommendation.

    **I.**    **BACKGROUND**

The factual background of this case is set out at length in Judge Tafoya's Recommendation, which the Court incorporates herein by reference. *See* 28 U.S.C. §

636(b)(1)(B); Fed. R. Civ. P. 72(b). Accordingly, this Order will reiterate only the facts necessary to address Plaintiff's Objection to the Recommendation.

Plaintiff Christian Diaz alleges that he is "a member of a protected class" who wishes "to pray how [his] ancestors prayed." (Doc. # 21 at ¶ 3.) He brings this 42 U.S.C. § 1983 action against Defendants, Colorado Springs police officers and the city of Colorado Springs, for alleged violations of his constitutional rights stemming from two separate incidents.

First, Plaintiff alleges that on the evening of January 21, 2019, he was at Green Faith Ministries in Colorado Springs. (Doc. # 21 at ¶ 7.) Plaintiff asserts that Green Faith Ministries is private church property and that, while he was there, he was using cannabis to "practice indigenous spirituality" as a sincerely held belief. (*Id.*) Green Faith Ministries had a no-trespassing notice posted on its front door.[1] (*Id.* at ¶ 6.) Plaintiff alleges that he was sitting inside at a table near the front door when Defendant Officer

---

[1] Plaintiff included a photograph of the notice in his Amended Complaint. The notice reads:

> Warning Private Property
> No trespassing
> Without the owners express verbally or written authorization
> This includes any and all Government Agents except in case of fire or medical emergency
> Those so trespassing are subject to civil and criminal penalties per USC title 18, sections 241 and 242 and any and all other Applicable Federal and State civil or criminal trespass statutes.
> This no trespass notice is also subject to the following provision you are hereby notified that the owners of this property requires all public officials, agents, or persons abide by the supreme law of the land the US Constitution ratified amendments then owners refused to permit any access, search, audit, assessment without the presentation of warrant.
> Violators will be treated as intruders.. Violations can trigger a fine of up to $10,000 in prison sentences of up to 10 years use of necessary force may be used at the sole discretion of owners..

(Doc. # 28 at ¶ 6.)

Marcus Allen approached the door. (*Id.* at ¶ 7.) Plaintiff states that "Defendant Allen could not see [Plaintiff] because of the tint on the door," but that Plaintiff "could see and hear [Defendant Allen]." (*Id.* at ¶ 10.) According to Plaintiff, Defendant Allen yelled through the door and demanded that the door be opened. (*Id.* at ¶ 9.) Plaintiff claims that this interaction caused him fear and constituted "a non consensual interrogation that did cause [him] to stop [his] prayer." (*Id.* at ¶ 10.) In addition, Plaintiff alleges that several officers "detain[ed]" another individual, a member of the church, in the front parking lot, but eventually they allowed the individual to enter Green Faith Ministries after a police supervisor arrived. (*Id.* at ¶ 12). Plaintiff asserts that this incident "caused [him] to start having a panic attack" and that he "did not come back to [his] church for two or three months" because he was afraid and concerned about retaliation. (*Id.* at ¶¶ 14, 17.)

As to the second incident, Plaintiff alleges that on April 20, 2019, he was in the outdoor prayer area of his church participating in a "420 religious celebration." (*Id.* at ¶¶ 24, 34.) Plaintiff states that although there was a "6 foot wood privacy fence," he could see two police cars blocking the front entrance of the church. (*Id.* at ¶ 24.) He alleges he saw Defendant Officers Tyler Bresson and Nicholas Hamaker blocking the entrance of the church. (*Id.* at ¶ 35.) Plaintiff also alleges he "heard someone in the crowd say the 'Church is on lock down.'" (*Id.*) According to Plaintiff, this incident "threw [him] into a panic attack," he "stopped [his] prayer and put out [his] joint," and he hid his remaining marijuana in the brick in the outdoor prayer area. (*Id.* at ¶ 36.)

In his Amended Complaint, Plaintiff asserts six claims for relief against all Defendants: (1) violation of his right to free exercise of religion; (2) retaliation for protected First Amendment activity; (3) denial of equal protection; (4) violation of his right of association; (5) unlawful search; and (6) unlawful seizure. (*Id.* at ¶¶ 57–76). Defendants filed their instant Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. # 28) on June 18, 2021. The Court referred Defendants' Motion to Dismiss to Judge Tafoya, who issued her Recommendation (Doc. # 38) on January 27, 2022. Therein, Judge Tafoya recommends that this Court grant the motion and dismiss Plaintiff's claims with prejudice. Plaintiff timely objected, (Doc. # 40), and Defendants filed a Response (Doc. # 41) to Plaintiff's Objection.

## II.  LEGAL STANDARDS

### A.  REVIEW OF A RECOMMENDATION

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommended] disposition that has been properly objected to." In conducting the review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). "In the absence of timely objection, the district court may review a magistrate [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress

intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.")).

## B. CONSTRUCTION OF PRO SE PLEADINGS

Because Plaintiff proceeds pro se, the Court must construe his pleadings liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a pro se litigant's advocate, and it may not "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997).

## C. FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (internal quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of [a] plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall*, 935 F.2d at 1109. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a

motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* However, the Court need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc. v. Tex. Waste Mgmt.*, 161 F.3d 1259, 1262 (10th Cir. 1998). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Nor does the complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (internal quotation marks and brackets omitted).

### III.   DISCUSSION

**A.   THE RECOMMENDATION**

In her Recommendation, Judge Tafoya first concludes that all of Plaintiff's claims against the Defendant Officers in their official capacities should be dismissed for lack of jurisdiction because such claims are barred by the Eleventh Amendment. (Doc. # 38 at 6.) Next, Judge Tafoya recommends dismissing Plaintiff's free exercise, retaliation, and association claims because Plaintiff "fails to allege any direct contact with any defendant." (*Id.* at 8.) Judge Tafoya notes that there are no allegations that any defendant "directly coerced or compelled [Plaintiff] to cease worshipping" or, indeed, that Defendants saw or directly contacted Plaintiff at all. (*Id.* at 8–9.) Judge Tafoya also recommends dismissing Plaintiff's equal protection claim because he fails to allege that he was treated differently than a similarly situated group or that Defendants were motivated by discriminatory purpose. (*Id.* at 9.)

With respect to Plaintiff's Fourth Amendment unlawful search claim, Judge Tafoya recommends dismissal in part because Plaintiff fails to allege that he had a reasonable expectation of privacy in the parking lot or front porch of Green Faith Ministries. (*Id.* at 11.) Further, Judge Tafoya found that the no-trespassing sign on the front door of Green Faith Ministries "failed to revoke Defendant Allen's implied license to enter onto the front porch" because the notice could not have been read without entering onto the porch and the notice did not revoke "clearly and unambiguously" the implied license to knock-and-talk. (*Id.* at 12.) Judge Tafoya also recommends dismissing Plaintiff's unlawful seizure claim because Plaintiff does not allege that any defendant exerted physical control over his person. (*Id.* at 14.)

Finally, because Judge Tafoya found that all of the underlying constitutional claims against subordinate police officers should be dismissed, Judge Tafoya also recommends dismissal of Plaintiff's supervisory liability claim against Defendant Anderson. (*Id.* at 15.) Further, Judge Tafoya recommends that Defendants should be granted qualified immunity on all claims. (*Id.* at 16.)

**B.     THE OBJECTION**

In order to be properly made and, therefore, to preserve an issue for *de novo* review by the district judge, an objection must be both timely and specific. *United States v. One Parcel of Real Property Known As 2121 East 30th Street*, 73 F.3d 1057, 1059–60 (10th Cir. 1996). An objection is proper if it is specific enough to enable the "district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* at 1059 (internal quotation marks omitted).

In the instant case, Plaintiff's Objection is largely a rehash of the factual allegations in his Amended Complaint (Doc. # 21) and the arguments in his Response to the Motion to Dismiss (Doc. # 33). For several claims, Plaintiff states that he objects to Judge Tafoya's recommendation, but Plaintiff includes little to no argument and identifies no errors in Judge Tafoya's analysis. *See* (Doc. # 40 at 16.)

Nevertheless, the Court has conducted a *de novo* review of this matter, including thoroughly reviewing all relevant pleadings, the Recommendation, and Plaintiff's Objection. Based on this *de novo* review, the Court concludes that Judge Tafoya's recommendations—that Defendant's Motion to Dismiss (Doc. # 28) should be granted and Plaintiff's claims dismissed with prejudice for failure to state a claim—are correct and are not called into question by Plaintiff's Objection. However, the Court agrees with Plaintiff that Judge Tafoya's recommendation to dismiss the official capacity claims against the individual defendants on the basis of Eleventh Amendment immunity is error. The Court finds that these claims should nonetheless be dismissed for failure to state a claim for which relief can be granted.

**C.    *DE NOVO* REVIEW**

1.    <u>Eleventh Amendment Immunity</u>

First, Judge Tafoya recommends dismissing all of Plaintiff's official capacity claims for money damages for lack of subject matter jurisdiction because such claims are barred by the Eleventh Amendment. Plaintiff argues, and Defendants concede, that this is legal error. The Court agrees with the parties.

The Eleventh Amendment has been interpreted to bar suits by a citizen against the citizen's own state in federal court. *Johns v. Stewart*, 57 F.3d 1544, 1552 (10th Cir. 1995). As such, the Eleventh Amendment shields state officials, acting in their official capacities, from claims for monetary relief. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). Plaintiff correctly objects that the Eleventh Amendment does not apply in this case because Defendant City of Colorado Springs is a **municipality**, not a state, and the Defendant Officers are **municipal employees**. (Doc. # 40 at 3); *see Steadfast Ins. Co. v. Agric. Ins. Co.*, 507 F.3d 1250, 1253 (10th Cir. 2007) ("Eleventh Amendment immunity extends to states and state entities but not to counties, municipalities, or other local government entities.").

Accordingly, the Court sustains Plaintiff's objection with respect to Eleventh Amendment immunity and rejects Judge Tafoya's recommendation to dismiss Plaintiff's official capacity claims for lack of subject matter jurisdiction.

2.   Free Exercise Claim

Plaintiff next objects to Judge Tafoya's conclusion that Plaintiff failed to state a free exercise claim. (Doc. # 40 at 8–9.) Plaintiff argues that Defendant Allen's presence at the door of Green Faith Ministries constituted "direct contact" with Plaintiff "through a door" that had a chilling effect on Plaintiff's free exercise (*Id.*) Further, Plaintiff argues that he reasonably interpreted Defendant Allen's orders to open the door "as carrying the threat of arrest should [Plaintiff] fail to comply," which burdened Plaintiff's exercise of religion. (*Id.* at 7.)

To establish a free exercise claim, a plaintiff must show that the government has placed a burden on the exercise of his religious beliefs or practices. *Fields v. City of Tulsa*, 753 F.3d 1000, 1009 (10th Cir. 2014). "A plaintiff states a claim [that his] exercise of religion is burdened if the challenged action is coercive or compulsory in nature." *Bauchman v. W. High Sch.*, 132 F.3d 542, 557 (10th Cir. 1997).

The Court agrees with Judge Tafoya that Plaintiff fails to allege that any defendant coerced or compelled Plaintiff to cease worshipping. Although Plaintiff argues that Defendant Allen contacted him "through a door," Plaintiff does not allege that Defendant Allen saw Plaintiff or was aware that Plaintiff was inside Green Faith Ministries on January 21, 2019. *See* (Doc. # 21 at ¶ 10) ("Defendant Allen could not see me because of the tint on the door."). Similarly, Plaintiff does not allege that any Defendant spoke to Plaintiff or did anything to directly coerce or compel him to stop smoking or cease his prayer on April 20, 2019. Because Plaintiff's Amended Complaint is devoid of allegations that any Defendant consciously or intentionally coerced or compelled Plaintiff to stop worshipping, the Court overrules Plaintiff's objection and affirms and adopts Judge Tafoya's recommendation to dismiss Plaintiff's free exercise claim.

    3.    <u>Fourth Amendment Search and Seizure Claims</u>

Plaintiff next objects to Judge Tafoya's determination that Plaintiff failed to allege facts sufficient to state a Fourth Amendment unlawful search claim. Specifically, Plaintiff takes issue with Judge Tafoya's conclusion that the no-trespassing notice did not revoke Defendant Allen's implied license to knock on the front door because the sign

did not "clearly and unambiguously" convey that the officer could not approach the front door. (Doc. # 40 at 13.)

"A search only violates an individual's Fourth Amendment rights if he or she has a 'legitimate expectation of privacy in the area searched.'" *United States v. Ruiz*, 664 F.3d 833, 838 (10th Cir. 2012) (quoting *United States v. Anderson*, 154 F.3d 1225, 1229 (10th Cir. 1998)). In determining whether an individual has a legitimate expectation of privacy in an area, courts consider two factors: (1) whether the individual manifested a subjective expectation of privacy in the area searched, and (2) whether society is prepared to recognize that expectation as objectively reasonable. *Id.* Applying these principles, the Court agrees with Judge Tafoya that Plaintiff fails to allege that he had a reasonable expectation of privacy in either the parking lot or front porch of Green Faith Ministries.

Further, the Supreme Court has expressly recognized that "a police officer, like any member of the public, has an implied license to enter a home's curtilage to knock on the front door, seeking to speak with the home's occupants." *United States v. Carloss*, 818 F.3d 988, 992 (10th Cir. 2016) (citing *Florida v. Jardines*, 539 U.S. 1, 7 (2013)). "[T]he presence of a 'No-Trespassing' sign is not alone sufficient to convey to an objective officer, or member of the public, that he cannot go to the front door and knock." *Id.* at 995. Thus, a no-trespassing sign must "clearly and unambiguously" convey to an objective officer that the implied license to knock-and-talk has been revoked. *Id.* at 997.

11

The Court agrees with Judge Tafoya that the no-trespassing notice on the front door of Green Faith Ministries would not clearly and unambiguously convey to an objective officer that the implied license to knock-and-talk had been revoked. While the notice may have conveyed that officers were not permitted to enter the building, the presence of the notice on the front door necessarily made it so an officer could not read it until he was on the porch. Further, the notice did not clearly revoke the implied license for a member of the public, or an officer, to approach the front door, knock, and speak with the occupants of the building. *See Carloss*, 818 F.3d at 997 ("The message here does not clearly and unambiguously tell the mail carrier, pizza deliverer, or police officer that they cannot knock on the front door seeking a consensual conversation with those who live there.").

Plaintiff also states that he objects to Judge Tafoya's dismissal of his unlawful seizure claim; however, Plaintiff does not address the issue further aside from suggesting that he was "detain[ed] inside his church." The Court agrees with Judge Tafoya that Plaintiff's unlawful seizure claim must be dismissed for failure to state a claim because Plaintiff does not allege that any defendant exerted physical control over him. *See Brower v. County of Inyo*, 489 U.S. 593, 596 (1989) ("Violation of the Fourth Amendment requires an intentional acquisition of physical control."); *Becker v. Kroll*, 494 F.3d 904, 914 (10th Cir. 2007) (concluding that an individual was not 'seized' where "she was never arrested, incarcerated, or otherwise placed under the direct physical control of the state"). Because Plaintiff does not allege that any defendant was even aware that Plaintiff was inside Green Faith Ministries, there is nothing to show that any

defendant, including Defendant Allen, intentionally exerted physical control over Plaintiff by standing in the parking lot or on the front porch of the church.

For the foregoing reasons, the Court overrules Plaintiff's objection and affirms and adopts Judge Tafoya's recommendation to dismiss Plaintiff's unlawful search and seizure claims.

4. Retaliation Claim

Plaintiff next objects to Judge Tafoya's recommendation to dismiss his retaliation claim. Plaintiff argues that Defendant City of Colorado Springs knew about complaints of constitutional violations from individuals at Green Faith Ministries, including the building's owner and religious leaders, and that Defendants therefore retaliated against Plaintiff and stopped his prayer on the two occasions described in the Amended Complaint. (Doc. # 40 at 14.)

To succeed on a First Amendment retaliation claim, a plaintiff must show "(1) that the plaintiff was engaged in constitutionally protected activity; (2) that the defendant's actions caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct." *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1203 (10th Cir. 2007). The Court agrees with Judge Tafoya that Plaintiff fails to allege the third element of retaliatory intent: There are no facts showing that Defendants' actions were "substantially motivated as a response" to Plaintiff's protected conduct. Rather, the allegations show that Defendants were not necessarily aware that Plaintiff was at Green

Faith Ministries or that he was engaged in any protected religious exercise. Accordingly, the Court overrules Plaintiff's objection and affirms and adopts Judge Tafoya's recommendation to dismiss Plaintiff's retaliation claim.

 5. <u>Equal Protection Claim</u>

Next, Plaintiff objects broadly to Judge Tafoya's dismissal of his equal protection claim. Plaintiff does not identify any error in Judge Tafoya's analysis; he instead repeats his general allegations in the Amended Complaint that "CSPD and the City of Colorado Springs will never treat minorities the same way they treat the white people in the community" and that he has "never seen this type of conduct happened [sic] to a white owned religious organization." (Doc. # 40 at 15.) Plaintiff's objection is improper because it is not sufficiently specific to enable the Court "to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *One Parcel of Real Property Known As 2121 East 30th Street*, 73 F.3d at 1059.

The Court agrees with Judge Tafoya that Plaintiff fails to allege an equal protection claim because he does not allege differential treatment from "similarly situated" persons or discriminatory intent on the part of the individual Defendants. Plaintiff's general allegations of discriminatory treatment are insufficiently specific to plausibly plead an equal protection claim. Accordingly, the Court overrules Plaintiff's objection and affirms and adopts Judge Tafoya's recommendation to dismiss Plaintiff's equal protection claim.

6.   Association Claim

In objecting to Judge Tafoya's recommended dismissal of his association claim, Plaintiff copies the same paragraph from his objection to Judge Tafoya's recommendation on his retaliation claim. (Doc. # 40 at 15.) Plaintiff identifies no error in Judge Tafoya's analysis regarding his association claim, nor does he specifically address association at all.

Upon reviewing the Recommendation and the Amended Complaint, the Court agrees with Judge Tafoya that Plaintiff failed to state a claim for violation of his right to association. In order to state an association claim, Plaintiff must allege that Defendants prevented him from associating with others "for the purpose of engaging in those activities protected by the First Amendment—speech, assembly, petition for the redress of grievances, and the exercise of religion." *Roberts v. U.S. Jaycees*, 468 U.S. 609, 618 (1984). Plaintiff's Amended Complaint is devoid of allegations that any Defendant prevented Plaintiff from being at Green Faith Ministries or from associating with anyone at the church. Accordingly, the Court overrules Plaintiff's objection and affirms and adopts Judge Tafoya's recommendation to dismiss Plaintiff's association claim.

7.   Supervisory Liability and Qualified Immunity

Plaintiff includes a bare statement objecting to Judge Tafoya's recommendation to grant qualified immunity to all defendants and argues that his objection "shows plenty of clearly established law, that supports facts in my Amended Complaint, that show my clearly established rights were violated." (Doc. # 40 at 16). Plaintiff does not appear to

15

object to or otherwise address Judge Tafoya's recommendation to dismiss Plaintiff's supervisory liability claims against Defendant Anderson.

"Qualified immunity shields federal and state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011). The Court agrees with Judge Tafoya that Plaintiff has failed to plead facts showing that Defendants violated any of Plaintiff's constitutional rights. Because the Court affirms and adopts Judge Tafoya's recommendation to dismiss all of Plaintiff's claims for failure to state a claim for which relief can be granted, the Court agrees that Defendants are entitled to qualified immunity on all of Plaintiff's claims. For the same reason, Plaintiff's supervisory liability claims against Defendant Anderson must also be dismissed.

8. <u>Municipal Liability</u>

In her recommendation, Judge Tafoya does not address municipal liability as it relates to Defendant City of Colorado Springs. To state a claim for municipal liability under § 1983, a plaintiff must allege facts which, if true, would establish "(1) that a municipal employee committed a constitutional violation, and (2) that a municipal policy or custom was the moving force behind the constitutional deprivation." *Myers v. Okla. Cnty. Bd. of Cnty. Commr's*, 151 F.3d 1313, 1316 (10th Cir. 1998) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). Because Plaintiff has failed to establish that any of the Defendant Officers committed a constitutional violation, the Court finds

16

that Plaintiff's municipal liability claims against the City of Colorado Springs must also be dismissed.

## IV.     CONCLUSION

For the foregoing reasons, it is ORDERED as follows:

- Judge Tafoya's Recommendation (Doc. # 38) is AFFIRMED AND ADOPTED IN PART and REJECTED IN PART. It is ADOPTED as to its recommendation to grant Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim for which relief may be granted. It is REJECTED as to its recommendation to dismiss Plaintiff's official capacity claims for lack of subject matter jurisdiction. It is

- FURTHER ORDERED that Defendant's Motion to Dismiss Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. # 28) is GRANTED.

- Accordingly, Plaintiff's claims are DISMISSED WITH PREJUDICE.[2]

The Clerk of Court is directed to close this case.

DATED:  February 23, 2022

BY THE COURT:

*(signature)*
CHRISTINE M. ARGUELLO
United States District Judge

---

[2] Although Fed. R. Civ. P. 15(a) provides that leave to amend shall be given freely, the Court may deny leave to amend where amendment would be futile. *Grossman v. Novell, Inc.*, 120 F.3d 1112, 1126 (10th Cir. 1997). Plaintiff has already amended his complaint once in response to Defendants' first Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. # 17), which identified many of the same pleading deficiencies addressed herein. The Court therefore finds that further amendment would be futile and concludes that dismissal with prejudice is appropriate.